



# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David Ferrando *individually and on behalf of all others similarly situated*;<br><br>Plaintiff,<br><br>-v.-<br><br>Sterling Credit Corporation.<br>and John Does 1-25.<br><br>Defendant(s). | Civil Action  20  447<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff David Ferrando (hereinafter, "Plaintiff"), a Pennsylvania resident, by and through his attorneys, Garibian Law Offices, P.C., brings this Complaint against Defendant Sterling Credit Corporation. (hereinafter "Defendant Sterling"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter, "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual

1

privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate (*Id.* §1692(b)), Congress gave consumers a private cause of action against debt collectors who fail to comply with the FDCPA. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over all State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Pennsylvania consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the Commonwealth of Pennsylvania, County of Philadelphia, 702 N 3rd Street. #727, Philadelphia, PA 19123.

8. Defendant Sterling is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 716 N Bethlehem Pike, Ste 301, Amber PA 19002.

9. Upon information and belief, Defendant Sterling is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the Commonwealth of Pennsylvania;

    b. to whom Defendant Sterling sent a collection letter attempting to collect a consumer debt requesting a response from the consumer;

    c. and sent a threatening, harassing, letter only one day after the first letter, due to lack of response;

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are Defendants and all officers, members, partners, managers, directors and employees of Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692d & 1692f.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers, in the forms attached as Exhibit A and Exhibit B violate 15 U.S.C. §§ 1692e, 1692d & 1692f.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**FACTUAL ALLEGATIONS**

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to July 23, 2019, an obligation was allegedly incurred to Freedom Credit Union.

22. The alleged Freedom Credit Union obligation arose out of a transaction in which money, property, insurance or services which were the subject of the transactions were used primarily for personal, family or household purposes.

23. The alleged Freedom Credit Union obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. Freedom Credit Union. is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. Freedom Credit Union contracted with Defendant SCC to collect the alleged debt.

26. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the mail, telephone and internet.

*Violation – July 24, 2019 Collection Letter*

27. On or about July 23, 2019, Defendant Sterling sent Plaintiff a debt collection letter (the "Letter") regarding the alleged debt owed. A true and accurate copy of the Letter is attached as Exhibit A.

28. The Letter states:

OUR CLIENT REQUIRES THIS OFFICE TO MAKE A FORMAL RECOMMENDATION IN REGARD TO YOUR DEBT NOTED ABOVE. PLEASE SEND THE TOTAL OUTSTANDING BALANCE DUE OR CALL THIS OFFICE WITHIN FIVE (5) DAYS TO DISCUSS A RESOLUTION TO THIS MATTER.

29. Merely one day later on July 24, 2019 Defendant sent another Letter which states:

YOUR CONTINUED LACK OF RESPONSE TO OUR REQUESTS FOR YOU TO CONTACT THIS OFFICE INDICATES THAT YOU DO NOT WANT OUR COOPERATION IN RESOLVING THE ABOVE DEBT. OUR CLIENT WISHES TO KNOW WHY YOU HAVE CHOSEN TO EVADE OUR EFFORTS TO RECOVER THIS DEBT.

IF YOU CALL THIS OFFICE TODAY YOU CAN EXPECT OUR FULL COOPERATION IN RESOLVING THIS SITUATION. IGNORING THIS OBLIGATION IS ONLY DELAYING THE INEVITABLE. YOU WILL HAVE TO DEAL WITH THIS SOONER OR LATER.

30. It is harassing to ask a consumer to contact Defendant within five days and to send a subsequent letter one day later, describing the consumer's actions as a "continued lack of response to our requests."

31. It is unreasonable to expect the consumer to respond merely one day after receiving the letter, especially when the first letter gives five (5) days to respond. To send collection letters one day after another is harassment of the consumer.

32. In addition, the language in the second letter is threatening and harassing by describing the consumer as having "chosen to evade our efforts."

33. Defendant has no way of determining whether Plaintiff has chosen to evade the letters and certainly not one day after the first letter was sent.

34. The letter contains additional threatening language, including but not limited to the admonition that "ignoring this obligation is only delaying the inevitable."

35. The Letter threatens and harasses by using ominous terms such as "the inevitable."

36. The consumer has no way of knowing what the Defendant means by "the inevitable" and using such frightening terms is nothing more than an attempt to coerce the Consumer into making immediate payment.

37. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

39. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

40. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person with the collection of the debt.

41. Defendant violated said section by harassing and oppressing Plaintiff by sending letters day after day with no time to respond and using threatening language.

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

45. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46. Defendant violated said section as follows:

   a. by making a false and misleading representation in violation of §1692e(10);

   b. by falsely representing the character, amount of legal status of the debt in violation of §1692e(2)(A);

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692f.

50. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

51. Defendant violated this section by falsely threatening and harassing Plaintiff with the letter containing false threats.

52. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

53. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, David Ferrando, individually and on behalf of all others similarly situated, demands judgment from Defendant Sterling as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Antranig Garibian, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

GARIBIAN LAW OFFICES, P.C.

_____
Antranig Garibian, Esq.
PA Bar:No. 94538
1800 JFK Blvd., Suite 300
Philadelphia, PA 19103
Phone: (215) 326-9179
ag@garibianlaw.com
*Attorneys For Plaintiff*

EXHIBIT A

STERLING CREDIT CORPORATION
PO BOX 675
SPRING HOUSE, PA 19477
800-352-3568

July 23, 2019

DAVID FERRANDO


RE:       CREDITOR:   FREEDOM CREDIT UNION
FREEDOM CREDIT UNION
          OUTSTANDING BALANCE:   $4,527.48
          ACCOUNT NUMBER:

DEAR: DAVID FERRANDO

TO MAKE ONLINE PAYMENT PLEASE VISIT WWW.PAYSTERLING.COM

OUR CLIENT REQUIRES THIS OFFICE TO MAKE A FORMAL RECOMMENDATION IN REGARD TO YOUR DEBT NOTED ABOVE. PLEASE SEND THE TOTAL OUTSTANDING BALANCE DUE OR CALL THIS OFFICE WITHIN FIVE (5) DAYS TO DISCUSS A RESOLUTION TO THIS MATTER.

WE WOULD LIKE TO ASSIST YOU IN WORKING THIS SITUATION OUT. IF YOU ACT NOW, YOU CAN EXPECT OUR FULL COOPERATION.

SINCERELY,

CHRIS RAMOS
DEBT COLLECTOR

PLEASE VISIT OUR WEBSITE WWW.PAYSTERLING.COM TO MAKE ONLINE PAYMENT

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT; ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

EXHIBIT B

STERLING CREDIT CORPORATION
PO BOX 675
SPRING HOUSE, PA 19477
800-352-3568

July 24, 2019

DAVID FERRANDO

RE:　　　CREDITOR:　FREEDOM CREDIT UNION
FREEDOM CREDIT UNION
　　　OUTSTANDING BALANCE:　$4,527.48
　　　ACCOUNT NUMBER:

DEAR DAVID FERRANDO:

YOUR CONTINUED LACK OF RESPONSE TO OUR REQUESTS FOR YOU TO CONTACT THIS OFFICE INDICATES THAT YOU DO NOT WANT OUR COOPERATION IN RESOLVING THE ABOVE DEBT. OUR CLIENT WISHES TO KNOW WHY YOU HAVE CHOSEN TO EVADE OUR EFFORTS TO RECOVER THIS DEBT.

IF YOU CALL THIS OFFICE TODAY YOU CAN EXPECT OUR FULL COOPERATION IN RESOLVING THIS SITUATION. IGNORING THIS OBLIGATION IS ONLY DELAYING THE INEVITABLE. YOU WILL HAVE TO DEAL WITH THIS SOONER OR LATER.

WE HOPE YOU DECIDE TO TAKE ADVANTAGE OF THIS OPPORTUNITY. I LOOK FORWARD TO YOUR CONTACT.

SINCERELY,

CHRIS RAMOS
DEBT COLLECTOR

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT; ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

****************** PAY BY PHONE ********************

*NO NEED TO WRITE CHECKS　　　*NO NEED FOR STAMPS OR ENVELOPES
*NO MORE HASSLES, WE DO ALL THE WORK

THE PAY-BY-PHONE PROGRAM IS A BANK DRAFT ON YOUR CHECKING ACCOUNT THAT WILL BE DEPOSITED ON THE DAY AND IN THE AMOUNT YOU CHOOSE.

***CALL: 1-800-352-3568***

JS 44 (Rev. 06/17) WB    CIVIL COVER SHEET    20-cv-447

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

20   447

## I. (a) PLAINTIFFS
David Ferrando individually and on behalf of all others similarly situated;

## DEFENDANTS
Sterling Credit Corporation. and John Does 1-25.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Antranig Garibian, Esq. Garibian Law Offices, PC
1800 JFK Blvd, Suite 300, Philadelphia, PA 19103
215-326-9179  ag@garibianlaw.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Debt Collection Practices Act - 15 USC Sect. 1692 et seq.
Brief description of cause:
Improper collection efforts regarding false, misleading and deceptive collection letter

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   01/27/2020
SIGNATURE OF ATTORNEY OF RECORD

JAN 27 2020

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**



**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __702 N 3rd Street. #727, Philadelphia, PA 19123.__

Address of Defendant: __716 N Bethlehem Pike, Ste 301, Ambler PA 19002.__

Place of Accident, Incident or Transaction: __See Plaintiff address__

---

***RELATED CASE, IF ANY:***

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __01/27/2020__                          _____           __94538__
                                              *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A.  ***Federal Question Cases:***

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✓] All other Federal Question Cases
   *(Please specify):* __Fair debt collections practices__

B.  ***Diversity Jurisdiction Cases:***

1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

**JAN 27 2020**

DATE: _____      _____        _____
                                   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| David Ferrando, individually and on behalf of all others similarly situated; <br> V. <br> Sterling Credit Corporation <br> and John Does 1-25 | : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br><br> 20    447 <br><br> NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 1/27/20 | _(signature)_ | David Ferrando |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 326-9179 | (267) 238-3701 | ag@garibianlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JAN 27 2020



January 27, 2020

**Hand Delivery**
Clerk's Office
U.S. District Court, EDPA
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797

20   447

RE:   David Ferrando vs Sterling Credit Corporation and John Does 1-25

Dear Sir/Madam:

Enclosed please find a Civil Action Complaint and Summons as referenced above. My firm's check in the total amount of $400.00 to cover the cost of filing of same is also enclosed herewith. Kindly file the originals of record and return timestamped copies in the enclosed return envelope.

Thank you for your anticipated cooperation.

Sincerely,

ANTRANIG GARIBIAN

ANG/dl
Enclosure

1800 JFK Boulevard, Suite 300 Philadelphia, PA 19103 • 18 East 41st Street, 6th Floor New York, NY 10017
1010 N. Bancroft Parkway, Suite 22 Wilmington, DE 19805
215.326.9179 • 302.722.6885 • ag@garibianlaw.com • www.garibianlaw.com